IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ANTHONY W RITZ, JR.,

    Plaintiff,

v.                                                   CASE NO. 4:12-cv-200-RH-GRJ

JOHN DOE, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff Anthony W. Ritz, Florida DOC Inmate # 623173, initiated this case by filing a complaint pursuant to 42 U.S.C § 1983, a motion for preliminary injunction, and a motion for leave to proceed as a pauper. Docs. 1, 2, 3. Plaintiff is presently confined at Santa Rosa Correctional Institution. He alleges that his constitutional rights were violated while he was confined at Wakulla Correctional Institution in that he received unwarranted disciplinary reports for filing grievances, was wrongfully placed in disciplinary confinement and subjected to excessive force, was deprived of religious materials and personal property, and was denied the right to declare a medical emergency. Doc. 1.

    On April 26, 2012, the Court deferred a ruling on Plaintiff's IFP motion, denied his motion for preliminary injunction, and ordered Plaintiff to show cause as to why this case should not be dismissed for abuse of the judicial process because Plaintiff failed to truthfully disclose all of his prior federal cases, as required on the complaint form, and for failure to exhaust administrative remedies. Doc. 5. Plaintiff has filed a response to the show cause order. Doc. 6. For the following reasons, the undersigned

recommends that leave to proceed as a pauper be denied and that this case be dismissed for abuse of the judicial process and for failure to exhaust administrative remedies.

      Plaintiff executed the civil rights complaint form under penalty of perjury. Doc. 1 at 11. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service," and if so to "identify each and every case so dismissed." Doc. 1 at 6-7. The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." Doc. 1 at 6.

      In response, Plaintiff identified one prior federal civil case, *Ritz v. Shui Ip*, Case No. 1:99-cv-224-MP (6/1/00), a case that was dismissed for failure to prosecute. Plaintiff also identified four prior cases filed in state court. Doc. 1 at 7-8. Plaintiff responded "No" to the question regarding whether he ever had any actions in federal court dismissed as frivolous, malicious, for failure to state a claim, or prior to service. Doc. 1 at 7.

      A review of the Court's PACER Case Locator reflects that, contrary to his sworn allegation, Plaintiff filed three additional prior federal cases while he was a prisoner: *Ritz*

*v. Brown*, Case No. 3:99-cv-718-HES (M.D. Fla. 7/20/99) (dismissal for failure to exhaust administrative remedies); *Ritz v. Brown*, Case No. 3:99-cv-1006-RWN (M.D. Fla. 10/15/99) (dismissal for failure to comply with filing instructions); *Ritz v. Wisneski*, Case No. 1:99-cv-210-MMP (N.D. Fla. 3/20/00) (dismissal for failure to exhaust administrative remedies). The Court has reviewed each of these cases and confirmed that they were filed by Anthony W. Ritz, DOC Inmate Number 623173.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe *all* previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984,

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form -- while attesting to the Court that that the answers are made under penalty of perjury -- impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In his response to the show cause order, Plaintiff requests that the Court confirm that the additional prior cases were filed by him, which the Court has done.  Plaintiff also contends that he does not recall filing the additional cases, and that his failure to disclose them was an honest mistake.  Doc. 6.  The Court is not persuaded that Plaintiff's lack of candor should be excused under these circumstances.  The complaint

form plainly requires Plaintiff to advise the Court if he is unsure of any additional prior cases. Doc. 1.  All four of Plaintiff's former federal cases were filed in 1999.  The one case that he disclosed was filed in October 1999 (N.D. Fla. Case No. 99-cv-224), as was another case (M.D. Fla. Case No. 99-1006).  The other cases were filed in September 1999 (N.D. Fla. Case No. 99-cv-210) and July 1999 (M.D. Fla. Case No. 99-cv-1006).  It is illogical to suggest that Plaintiff would remember filing one case in 1999 but not three others filed in close proximity.

Further, in his response to the show cause order Plaintiff concedes that he has not exhausted his administrative remedies with respect to all of the claims asserted in the Complaint.  Doc. 6.  Pursuant to the Prison Litigation Reform Act (PLRA):

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Although the § 1997e exhaustion requirement is an affirmative defense, when "an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, the PLRA continues to require a district court to dismiss the complaint."  *Okpala v. Drew*, 2007 WL 2407040 (11th Cir. Aug. 24, 2007) (unpublished) (citing *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-21 (2007)). Plaintiff is plainly aware of the exhaustion requirement, in view of the fact that some of his prior federal cases were dismissed for failure to exhaust. Plaintiff's conceded failure to exhaust his administrative remedies before filing this case presents additional grounds for dismissal of the Complaint without prejudice.

*Case No: 4:12-cv-200-RH-GRJ*

Accordingly, it is respectfully **RECOMMENDED** that leave to proceed as a pauper, Doc. 2, should be **DENIED**, and that this case should be **DISMISSED** for abuse of the judicial process and for failure to exhaust administrative remedies.  Such dismissal should be without prejudice to Plaintiff's right to refile his claims, provided that Plaintiff takes care to comply with his obligation to disclose all prior cases.

**IN CHAMBERS**  this 15th day of May 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.